MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-6967
    Fax: 415 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for Defendant

MARY DRYOVAGE (CSBN 112551)
Law Offices of Mary Dryovage
351 California Street, Suite 700
San Francisco, CA 94104
Tel.: (415) 593-0095
Fax: (415) 399-8792
Email: mydryovage@igc.org

Attorney for Plaintiff Nancy Rountree

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NANCY ROUNTREE,<br><br>    Plaintiff,<br><br>v.<br><br>KEN SALAZAR, SECRETARY OF THE U.S. DEPARTMENT OF INTERIOR,<br><br>    Defendant. | Docket No. C 10-1683 WHA<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended;

    WHEREAS, Plaintiff has filed the following administrative EEO complaints with the U.S. Department of the Interior: EEOC Case No. 559-2009-0064X.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-1683 WHA

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay Plaintiff a total sum of seventeen thousand six hundred dollars ($ 17,600.00) dollars ("Settlement Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Mary Dryovage, Esq. and Nancy Rountree, and will be mailed to Plaintiff in care of her counsel. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the United States Department of the Interior, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this Agreement, which arise from or relate to her employment with the United States Department of the Interior.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-1683 WHA                                2

counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Department of the Interior, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in

Plaintiff's complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California. Enforcement jurisdiction, however, will be limited.*

10. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**. The signatories to this Agreement have actual authority to bind the

parties.

14. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**. Plaintiff acknowledges that she has up to twenty-one (21) calendar days from the date she receives this Agreement to review and consider this Agreement, discuss it with an attorney of her choice, and decide to sign it or not sign it, although she may accept or return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is advised to consult her attorney about the Agreement.

15. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which to revoke her acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed and faxed to:

Jennifer Wang
Office of the United States' Attorney
450 Golden Gate Ave., 9th Fl.
San Francisco, CA 94102
(415) 436-6748 (fax)

Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiff signs and dates this Agreement.

DATED: Dec. 24, 2010

_____
NANCY ROUNTREE
Plaintiff

DATED: Dec. 24, 2010

_____
MARY DRYOVAGE
Plaintiff's Attorney

DATED: Dec. 28, 2010

_____
JENNIFER S WANG
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 5, 2011.

_____
HON. WILLIAM H. ALSUP
United States District Judge

\* The Court shall retain jurisdiction to enforce this agreement for only one year.

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-1683 WHA                                    5